STATE OF CONNECTICUT *v.* MICHAEL RYAN
(AC 16865)

Foti, Schaller and Dupont, Js.

Argued January 25—officially released June 1, 1999

*James Streeto*, special public defender, for the appellant (defendant).

*Frederick W. Fawcett*, assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *C. Robert Satti, Jr.*, assistant state's attorney, for the appellee (state).

*Opinion*

DUPONT, J. The defendant, Michael Ryan, appeals from the judgment of conviction, rendered after a jury trial, of robbery in the third degree in violation of General Statutes § 53a-136, and assault in the third degree in violation of General Statutes 53a-61. On appeal, the defendant claims that the trial court improperly (1) instructed the jury regarding the law of reasonable doubt and the presumption of innocence, thereby depriving him of his rights under the state and federal constitutions, and (2) permitted the state to file a substitute information after the state had rested its case. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On October 8, 1995, the victim, Brian Fernandez, was attacked by the defendant after Fernandez withdrew money from an automatic teller machine at a People's Bank in Fairfield. As Fernandez was exiting the bank, he saw the defendant approaching. Fernandez held the door open for the defendant because he thought the defendant was going to use the teller machine. Instead, the defendant demanded that Fernandez give him money, pushed him to the ground and sprayed him in the face with a substance that caused burning and irritation. After Fernandez gave the defendant his wallet, which contained $35, the defendant fled the scene and Fernandez called the police. Subsequently, Fernandez identified the defendant from a photographic array as the person who robbed him. The defendant was arrested and charged in a substitute information dated August 15, 1996, with robbery in the first degree and assault in the second degree. At trial, Fernandez made an in-court identification of the defendant as the man who had robbed him.

At the close of the state's case-in-chief, the defendant moved for a judgment of acquittal as to both counts because the state failed to present evidence of a dangerous instrument. The trial court granted the motion, in part, as to the principal offenses charged, but concluded that there was sufficient evidence that would permit a jury to return verdicts of guilty on the lesser included crimes of those that were charged.[1] Thereafter, the trial court permitted the state to file a substitute information

---

[1] Practice Book § 42-40 provides in relevant part: "After the close of the prosecution's case in chief or at the close of all the evidence, upon motion of the defendant or upon its own motion, the judicial authority shall order the entry of a judgment of acquittal as to any principal offense charged and as to any lesser included offense for which the evidence would not reasonably permit a finding of guilty. Such a judgment of acquittal shall not apply to any lesser included offense for which the evidence would reasonably permit a finding of guilty."

charging the defendant with the crimes of robbery in the third degree and assault in the third degree. The jury returned verdicts of guilty on both counts and this appeal followed.

## I

The defendant raises six claims regarding the trial court's jury instructions, arguing that the trial court's instructions concerning the law of reasonable doubt and the presumption of innocence were improper as violative of his fifth amendment right to due process and sixth amendment right to a jury trial.[2] We will address the defendant's claims in turn.

" 'When reviewing [a] challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper.' . . . *State* v. *Denby*, 235 Conn. 477, 484–85, 668 A.2d 682 (1995)." *State* v. *Delgado*, 247 Conn. 616, 625, 725 A.2d 306 (1999). "It is axiomatic that in reviewing a challenged portion of a jury charge, we must consider the charge as a whole and its effect in guiding the jury to a proper verdict. . . . We do not scrutinize an individual section

---

[2] The defendant also makes his claim under article first, § 8, of the Connecticut constitution. Because the defendant has failed to provide an independent analysis of his state constitutional claim, we decline to review it. See *State* v. *Faust*, 237 Conn. 454, 465 n.10, 678 A.2d 910 (1996); *State* v. *Wilkes*, 236 Conn. 176, 183 n.9, 671 A.2d 1296 (1996).

of an instruction in artificial isolation from the overall charge in a microscopic search for possible error." (Citation omitted; internal quotation marks omitted.) *State* v. *Edwards*, 39 Conn. App. 242, 248–49, 665 A.2d 611, cert. denied, 235 Conn. 924, 666 A.2d 1186 (1995).

## A

The defendant first claims that the trial court's instruction to the jury that the principle requiring the state to establish guilt beyond a reasonable doubt is a "rule of law . . . made to protect the innocent and not the guilty" impermissibly undermined the presumption of innocence, thereby diluting the state's burden of proof. We do not agree.

Since the filing of this appeal, our Supreme Court has considered whether an instruction identical to the one challenged by the defendant violates a defendant's due process rights. *State* v. *Schiappa*, 248 Conn. 132, 167–68, 728 A.2d 466 (1999) (en banc). Although the court in *Schiappa* disapproved of the challenged language and, pursuant to its supervisory authority over the administration of justice, directed our trial courts to refrain from using the challenged language in future cases, the court nevertheless rejected the defendant's constitutional claim based on the particular instructions given in that case.

The Supreme Court stated that the trial court "repeatedly apprised the jury regarding the presumption of innocence and the state's burden of establishing guilt beyond a reasonable doubt. Moreover, the challenged portion of the instruction was immediately preceded by language underscoring the presumption of innocence and the state's burden of proof: 'It is the sworn duty of the court and the jurors to safeguard the rights of *persons charged with crimes* by respecting the *presumption of innocence* which the law imputes *to every person so charged* by making the state meet its *burden*

*of proof of guilt beyond a reasonable doubt.'* . . . Furthermore, the allegedly improper language was immediately followed by an instruction that again emphasizes these two critical constitutional principles: *'If and when the presumption of innocence has been overcome by evidence proving beyond a reasonable doubt* that the accused is guilty of the crime or crimes charged, then it is the sworn duty of the jury to enforce the law and to render verdicts of guilty.' . . . These two sentences, taken together with the court's repeated explanations of the presumption of innocence and the state's burden of proving the defendant guilty beyond a reasonable doubt, eliminated any reasonable likelihood of juror misunderstanding as to the state's burden and the proof necessary for a conviction." (Emphasis in original.) Id., 172–73. The court held that "under the third prong of *Golding*, '[a] defendant may prevail . . . on a claim of instructional error only if, considering the substance of the charge rather than the form of what was said, it is reasonably possible that the jury was misled' . . . *State* v. *Webb*, 238 Conn. 389, 456, 680 A.2d 147 (1996) . . . ." *State* v. *Schiappa*, supra, 248 Conn. 176–77.

Here, the same two instructions cited by the court in *Schiappa* immediately preceded and followed the challenged portion of the instruction. In light of *Schiappa*, and after reviewing the trial court's entire charge to the jury, we conclude that the defendant's claim must fail.[3]

### B

The defendant's next claim is that the trial court's instruction that "a reasonable doubt is a doubt that

---

[3] The defendant attempts to distinguish *Schiappa* on the ground that in the present case, unlike in *Schiappa*, the defendant preserved his claim and, therefore, need not rely on *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). We, however, are not persuaded because the standard for review under *Golding* of an unpreserved claim is the same as the standard of review of a preserved constitutional claim. *State* v. *Schiappa*, supra, 248 Conn. 175 n.46.

has its foundation in the evidence or lack of evidence" unconstitutionally diluted the state's burden of proof. The defendant concedes that he did not preserve his claim at trial and he seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989),[4] or the plain error doctrine. Practice Book § 60-5. We conclude that the trial court's instruction did not constitute a constitutional violation and, therefore, the defendant's claim is not entitled to *Golding* review. We also conclude that the instruction did not involve plain error.

" 'Just as every claim of evidentiary error by the trial court is not truly constitutional in nature . . . every claim of instructional error is not truly constitutional in nature.' " (Citation omitted.) *State* v. *Dash*, 242 Conn. 143, 151–52, 698 A.2d 297 (1997). While our Supreme Court has held that claimed instructional errors regarding the burden of proof or the presumption of innocence can be constitutional in nature so as to satisfy the second *Golding* requirement; see id., 152; not all claims masquerading as constitutional ones concerning the burden of proof or the presumption of innocence have been afforded *Golding* review. See *State* v. *Blackman*, 246 Conn. 547, 561, 716 A.2d 101 (1998); *State* v. *Williams*, 48 Conn. App. 361, 373, 709 A.2d 43, cert. denied, 245 Conn. 907, 718 A.2d 16 (1998).

---

[4] "Under *Golding*, a defendant can prevail on an unpreserved claim of constitutional error only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. [*State* v. *Golding*, supra, 213 Conn. 239–40.] *State* v. *Graham*, 33 Conn. App. 432, 441–42, 636 A.2d 852, cert. denied, 229 Conn. 906, 640 A.2d 117 (1994). The first two questions relate to whether a defendant's claim is reviewable, and the last two relate to the substance of the actual review. *State* v. *Newton*, 8 Conn. App. 528, 531, 513 A.2d 1261 (1986) . . . ." (Citations omitted; emphasis added; internal quotation marks omitted.) *State* v. *Otero*, 49 Conn. App. 459, 463 n.6, 715

The defendant claims that the court's instruction is improper because a reasonable doubt need not be *founded* on the evidence or the lack of evidence but must be *consistent* with the evidence offered at trial, and relies on *State* v. *Gallivan*, 75 Conn. 326, 53 A. 731 (1902), to support his claim. The defendant's reliance on *Gallivan*, however, is misplaced. That case involved a challenge to a court's instruction containing language different from that at issue here and fails to support the defendant's assertions. Our Supreme Court has held that identical or substantially similar language to that challenged here is not of "constitutional dimension." *State* v. *Taylor*, 239 Conn. 481, 505, 687 A.2d 489 (1996), cert. denied, 521 U.S. 1121, 117 S. Ct. 2515, 138 L. Ed. 2d 1017 (1997). Moreover, we do not find that the instruction affected the fairness or integrity of the proceedings or resulted in manifest injustice to the defendant and, therefore, there was no plain error. *State* v. *Thomas*, 214 Conn. 118, 120, 570 A.2d 1123 (1990).

C

The defendant next claims that the trial court improperly instructed the jury that a reasonable doubt is not a doubt "suggested by the ingenuity of counsel or of a juror not warranted by the evidence." The defendant has failed to preserve his claim and, in his brief, seeks review pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40, or the plain error doctrine. Our resolution of this claim is governed by *State* v. *Hines*, 243 Conn. 796, 817–18, 709 A.2d 522 (1998), in which our Supreme Court, relying on *State* v. *Taylor*, supra, 239 Conn. 504–505, held that an instruction containing virtually identical language was not constitutional in nature and, therefore, not reviewable under *Golding*. Accordingly, we decline to review the defendant's unpreserved claim.

A.2d 782, cert. denied, 247 Conn. 910, 719 A.2d 905 (1998). If there is no constitutional claim, the claim is not reviewable.

Similarly, we reject the defendant's challenge to the allegedly improper instruction as plain error. Id., 505.

D

The defendant next claims that the trial court improperly instructed the jury concerning the presumption of innocence. The defendant claims that the trial court's preliminary instruction that the presumption of innocence applies until the jury is satisfied from the evidence that the defendant is guilty reasonably could be interpreted to mean that the presumption vanishes once the jury believes that the evidence establishes the defendant's guilt, at any stage in the trial, thereby misleading the jury to make an unconstitutionally premature evaluation of the case. The defendant has not preserved his claim and seeks review pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40, or the plain error doctrine. We will review this claim because it alleges the violation of a constitutional right. We conclude, however, that the defendant's claim fails the third prong of *Golding*.

In its preliminary remarks, the trial court gave a brief overview of the nature of a criminal case and the charges against the defendant. The court also gave a preliminary explanation of the concept of the presumption of innocence and the burden of the state to prove the charges beyond a reasonable doubt, and instructed the potential jurors to keep an open mind throughout the trial. In making those remarks, the trial court stated the following: "Any person who is accused of a crime is entitled to a presumption of innocence. . . . What it means is as [the defendant] sits here right now, there is no evidence against him. He is presumed to be innocent. The burden is on the state to prove the allegations that they are making against [the defendant]. *He is presumed to be innocent unless and until you are satisfied from the evidence that is presented that he is guilty*

*of the crimes charges beyond a reasonable doubt.*"
(Emphasis added.) The full jury was selected from this
panel of venirepersons.

" 'Preliminary instructions to prospective jurors in a
criminal case are not mandatory. . . . When prelimi-
nary instructions are given, they do not supersede those
given after evidence and arguments under our prac-
tice.' " *State* v. *Rodriguez*, 49 Conn. App. 606, 612–13,
716 A.2d 914, cert. denied, 247 Conn. 925, 719 A.2d
1171 (1998). "In determining whether preliminary jury
instructions require reversal, we must ask whether the
jury was fully and properly instructed at the critical
time, after all the evidence and after the arguments of
counsel." (Internal quotation marks omitted.) Id., 613.

In its preliminary remarks to the jury prior to the
taking of evidence, the court repeated the challenged
instruction to the jury. The trial court, however,
explained further: "Unless you find *at the conclusion
of all evidence* that the state has proven beyond a rea-
sonable doubt that the defendant has committed every
element of the particular offense [with which] he is
charged, you must find him not guilty as to that particu-
lar charge. On the other hand, if you are satisfied that
the evidence does establish the guilt of the defendant
beyond a reasonable doubt then you should not hesitate
to find him guilty as to that particular charge." (Empha-
sis added.) Following those instructions, the court
stated: "Until the case is submitted to you at the conclu-
sion of the court's final instructions, you must not dis-
cuss it with anyone . . . . You must discuss it only in
the jury room when it is submitted to you. . . . The
important thing is that you keep an open mind and not
decide any issue in the case until the entire case has
been submitted to you under the instructions of the
court." The trial court also explained that its prelimi-
nary remarks were "not intended to be a substitute for

a detailed instruction that [the court] will give you at the conclusion of trial."

In its final charge to the jury, the trial court again instructed the jury to consider "all the evidence in the case" and stated: "In this case, as in all criminal prosecutions, the defendant is presumed to be innocent until proven guilty beyond a reasonable doubt. This presumption of innocence was with the defendant when he was first presented for trial in this case. It continues with him throughout this trial unless and until such time as from all the evidence produced here in the orderly course of this conduct—of this case considered in light of these instructions of law and deliberated upon by you in the jury room satisfies you beyond a reasonable doubt that he is guilty."

" 'Under the third prong of *Golding*, a defendant may prevail on an unpreserved constitutional claim of instructional error only if from the substance of the charge rather than its form, it is reasonably possible that the jury was misled.' " *State* v. *Jenkins*, 40 Conn. App. 601, 605, 672 A.2d 969, cert. denied, 237 Conn. 918, 676 A.2d 1374 (1996). We conclude that the defendant cannot prevail under that standard.

Here, the trial court instructed the jury in its preliminary instructions that the defendant was presumed innocent until the state proved otherwise and that it was the state's burden to prove him guilty beyond a reasonable doubt. The trial court specifically told the jurors that they should keep open minds and not decide the case until the entire case has been submitted to them. In its final instructions, the court stated further that the defendant is presumed innocent until proven guilty beyond a reasonable doubt, that the presumption continues with him throughout the trial and that "[i]t is the sworn duty of the court and the jurors to safeguard the rights of persons charged with crimes by respecting

the presumption of innocence which the law imputes to every person so charged by making the state prove its burden of proof of guilt beyond a reasonable doubt. . . . If and when the presumption of innocence has been overcome by evidence proving beyond a reasonable doubt that the accused is guilty of the crime or crimes charged, then it is the sworn duty of the jury to enforce the law and render verdicts of guilty." The court also told the jury to consider all the evidence in arriving at its verdict.

Our review of the instruction as a whole persuades us that the trial court correctly conveyed the concept of presumption of innocence to the jury, namely, that the presumption of innocence remains with the defendant throughout the trial until the jury, after deliberation and a careful consideration of all of the evidence, is satisfied beyond a reasonable doubt that the defendant is guilty. Therefore, the defendant's claim fails the third prong of *Golding*. Similarly, the challenged instruction did not affect the fairness and integrity of and public confidence in the judicial proceedings and, therefore, did not constitute plain error. *State* v. *Webb*, supra, 238 Conn. 457.

E

The defendant next claims that the trial court improperly failed to correct a statement of an essential principle of law concerning the reasonable doubt standard, thereby creating a reasonable possibility that the jury was misled by the instruction. We disagree.

In its final charge to the jury on the reasonable doubt standard, the trial court stated: "Proof beyond a reasonable doubt *is not* proof that precludes every reasonable hypothesis except guilt—excuse me, let me read that again. Proof beyond a reasonable doubt *is* proof that precludes every reasonable hypothesis except guilt and

is inconsistent with any other rational conclusion."
(Emphasis added.)

The defendant claims that although the trial court
attempted to correct the mistake, it did not tell the
jury which of the two instructions was the correct one,
resulting in contradictory instructions on reasonable
doubt. The defendant compares this case with *State* v.
*Miller*, 34 Conn. App. 250, 259, 641 A.2d 400, cert.
denied, 230 Conn. 902, 644 A.2d 916 (1994), in which
we held that the trial court's contradictory instructions
constituted reversible error because it was reasonably
possible that the jury was misled by the improper
instructions. That case, however, involved a no adverse
inference instruction pursuant to General Statutes § 54-
84 (b),[5] where the trial court's instruction regarding the
defendant's failure to testify included both the verbatim
provisions of the statute and a misstatement of the law.
The slightest deviation from the language of the statute
constitutes error of constitutional magnitude. *State* v.
*Sinclair*, 197 Conn. 574, 583, 500 A.2d 539 (1985). The
trial court failed to give a supplemental instruction that
might have remedied the confusion inherent in the
improper instruction. We held that the error was harm-
ful because the state could not show that there was no
reasonable possibility that the jury was misled.

Here, the record fails to demonstrate the same confu-
sion and constitutional dimension of the error as in
*Miller*. The trial court in the present case corrected its
mistake prior to finishing the sentence with the
improper language. On the basis of our review of the
trial court's entire instructions concerning reasonable
doubt, we conclude that the language of the charge as

---

[5] General Statutes § 54-84 (b) provides: "Unless the accused requests other-
wise, the court shall instruct the jury that they may draw no unfavorable
inferences from the accused's failure to testify. In cases tried to the court,
no unfavorable inferences shall be drawn by the court from the
accused's silence."

a whole adequately apprised the jury of the concept of proof beyond a reasonable doubt and the heavy burden on the state, and that it was not reasonably possible that the jury was misled by the trial court's instructions.

## F

The defendant's final claim of instructional error is that taken as a whole, the instructions resulted in an incorrect charge on reasonable doubt and the presumption of innocence. In *State* v. *Tillman*, 220 Conn. 487, 505, 600 A.2d 738 (1991), cert. denied, 505 U.S. 1207, 112 S. Ct. 3000, 120 L. Ed. 2d 876 (1992), our Supreme Court held: "We are aware of no case, and the defendant has cited none, that holds that a group of instructional claims of error, each of which has individually been found not to constitute reversible error; see *State* v. *Harris*, 182 Conn. 220, 230–33, 438 A.2d 38 (1980); should be aggregated to form a separate basis for a claim of a constitutional violation of a right to a fair trial. We decline to create a new constitutional claim in which the totality of alleged constitutional error is greater than the sum of its parts." See also *State* v. *Cassidy*, 236 Conn. 112, 145–46, 672 A.2d 899, cert. denied, 519 U.S. 910, 117 S. Ct. 273, 136 L. Ed. 2d 196 (1996). We reject the defendant's claim.

## II

The defendant's final claim is that the trial court improperly permitted the state to file a substitute information,[6] over the defendant's objection, after the state had rested its case. We do not agree.

[6] Practice Book § 36-18 provides: "After commencement of the trial for good cause shown, the judicial authority may permit the prosecuting authority to amend the information at any time before a verdict or finding if no additional or different offense is charged and no substantive rights of the defendant would be prejudiced. An amendment may charge an additional or different offense with the express consent of the defendant."

"Once a trial has started, the prosecutor's broad authority to amend an information is constrained by the provisions of Practice Book § 624 [now § 36-18]. *State* v. *Snead*, 41 Conn. App. 584, 590, 677 A.2d 446 (1996). 'Practice Book § 624 [now § 36-18] is primarily a notice provision. Its purpose is to ensure that the defendant has adequate notice of the charges against which he must defend.' *State* v. *Tanzella*, 226 Conn. 601, 608, 628 A.2d 973 (1993). It is the defendant's burden to 'provide a specific showing of prejudice resulting from the state's delay in providing notice of the charge against which [he] must defend.' *State* v. *Mazzetta*, 21 Conn. App. 431, 438, 574 A.2d 806, cert. denied, 216 Conn. 807, 580 A.2d 64 (1990)." *State* v. *Morris*, 49 Conn. App. 409, 415, 716 A.2d 897, cert. denied, 247 Conn. 904, 720 A.2d 516 (1998).

The trial court's decision to allow an amendment to the information to conform to the evidence is subject to reversal only for an abuse of discretion. *State* v. *Ramos*, 176 Conn. 275, 276, 407 A.2d 952 (1978). "The trial court's discretion pursuant to Practice Book § 624 [now § 36-18] is limited only by the requirement that no additional or different offense may be charged in and no substantive rights of the defendant may be prejudiced by an amended information." *State* v. *Adams*, 38 Conn. App. 643, 649–50, 662 A.2d 1327, cert. denied, 235 Conn. 908, 665 A.2d 902 (1995).

The defendant concedes that because the amended substitute information charges him with lesser included offenses of those originally charged, they do not constitute additional or different offenses. A defendant who is on notice that he is charged with robbery with a dangerous instrument and assault with a dangerous instrument or deadly weapon is on notice that he is accused of the lesser offenses of robbery and assault. We conclude, therefore, that the defendant was adequately notified of the charges against which he was

required to defend. See *State* v. *Adams*, supra, 38 Conn. App. 651–52; *State* v. *Vaughn*, 20 Conn. App. 386, 389–90, 567 A.2d 392 (1989). The defendant's sole claim is that he was prejudiced by the amended substitute information.[7] Specifically, the defendant claims that the "cross-examination of the state's chief witness [the victim] was undertaken on the presumption that no further charges against him were extant. This constituted significant prejudice to the defendant, who had structured his defense around the allegations contained in the information."

"In determining whether the defendant's rights were prejudiced, this court considers 'the totality of the circumstances in deciding whether the defendant was surprised by the changes and whether the defense was hampered.' *State* v. *Mazzetta*, 21 Conn. App. 431, 439, 574 A.2d 806, cert. denied, 216 Conn. 807, 580 A.2d 64 (1990). A 'bare assertion of prejudice is not sufficient' to support a claim of prejudice. Id., 438. 'The defendant must provide a specific showing of prejudice in order to establish that he was denied the right of due process of law . . . .' *State* v. *Ramos*, [supra, 176 Conn. 279–80]." *State* v. *Marsala*, 44 Conn. App. 84, 89, 688 A.2d 336, cert. denied, 240 Conn. 912, 690 A.2d 400 (1997).

Here, the defendant has failed to make a showing of actual or specific prejudice. As we have stated, the defendant was on notice of the lesser included crimes charged in the amended substitute information and, therefore, his claim that his cross-examination of the victim was hampered because he was unaware of the lesser charges is without merit. A review of the record reveals that the questions on cross-examination of the victim related to the lighting of the area where the robbery occurred and to the victim's ability correctly

---

[7] The defendant does not claim in this appeal that the state failed to show good cause for the amendment and, therefore, we do not discuss this issue.

to identify the defendant as the one who robbed him. We are unable to discern, and the defendant has failed to show us, how this line of questioning would have changed had the defendant been charged with the lesser crimes of robbery in the third degree and assault in the third degree at the time of the questioning, instead of the charges then existing of robbery in the first degree and assault in the second degree, which required the state to prove that the crimes of robbery and assault were committed with a dangerous or deadly instrument.

We conclude that the defendant has not shown that the amended information prejudiced him or that the trial court's ruling was an abuse of discretion.

The judgment is affirmed.

In this opinion the other judges concurred.