### STATE OF CONNECTICUT *v.* LEO CHARLES
### (AC 18529)

Foti, Schaller and Vertefeuille, Js.

Argued September 27, 1999—officially released February 22, 2000

*Del Atwell*, special public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.*, assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Nicholas J. Bova, Jr.*, senior assistant state's attorney, for the appellee (state).

*Opinion*

VERTEFEUILLE, J. The defendant, Leo Charles, appeals from the judgment of conviction, rendered after a jury trial, of one count of conspiracy to sell narcotics within 1500 feet of a school in violation of General Statutes §§ 53a-48 (a) and 21a-278a (b), one count of sale of narcotics within 1500 feet of a school in violation of § 21a-278a (b), one count of possession of narcotics with intent to sell within 1500 feet of a school in violation of § 21a-278a (b) and one count of failure to appear in the first degree in violation of General Statutes § 53a-

172. The defendant claims that the trial court improperly (1) deprived him of his constitutional right to counsel, (2) charged the jury with respect to the concept of reasonable doubt and (3) imposed a harsh and excessive sentence. The defendant also claims that he was denied the effective assistance of counsel. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On February 18, 1997, in the evening hours, the Bridgeport police conducted surveillance of 35 Laurel Court, which is located 800 feet from a middle school. Police officers observed several pedestrians walk to the door of the building and engage in hand to hand transactions with the defendant. Two of the pedestrians were stopped after leaving the property, and both were found to have narcotics in their possession. The defendant then walked out of the building and onto an adjacent sidewalk, where he appeared to conduct another hand to hand narcotics sale. As police approached the defendant to place him under arrest, he fled into the building. The officers forcibly entered an apartment in the building and found the defendant in the living room near two bags of cocaine. The defendant also had $400 on his person. He was placed under arrest. Two other individuals also were apprehended in the apartment. The defendant later failed to appear in court on one of his court dates.

I

The defendant's first claim is that the court improperly deprived him of his right to counsel by forcing him to proceed with the trial pro se. We disagree.

The following facts are relevant to this issue. On January 23, 1998, about one week before the start of jury selection, the defendant requested that he be permitted to represent himself during the trial. He informed the court that he was forty-three years old and had

attended school until he was eighteen. The defendant was canvassed by the court. During the canvass, the defendant acknowledged that he was aware of his right to counsel and that he understood the nature of the criminal proceedings against him. He also stated that he was aware of the possible consequences of proceeding without counsel. After the court was satisfied that the defendant had willingly and knowingly waived his right to counsel, the court granted the defendant permission to proceed pro se.[1] The court then appointed an attorney from the public defender's office as standby counsel.

The defendant represented himself initially during jury selection. On the fourth day of jury selection, however, the defendant informed the court that he wanted his standby counsel to represent him fully during jury selection and trial. The attorney then served as the defendant's trial counsel during the remainder of jury selection and the initial days of trial.

On the third day of trial, the defendant's counsel informed the court that the defendant wanted to discharge him as trial counsel. The defendant gave three reasons for wanting to discharge his attorney. First, the defendant believed that his attorney had failed to provide him with copies of all discovery documents. His counsel disputed this assertion. Second, the defendant accused his attorney of failing to obtain immediate tran-

---

[1] A waiver of the right to counsel pursuant to Practice Book § 44-3 will be accepted if the "judicial authority makes a thorough inquiry and is satisfied that the defendant:

"(1) Has been clearly advised of the right to the assistance of counsel, including the right to the assignment of counsel when so entitled;

"(2) Possesses the intelligence and capacity to appreciate the consequences of the decision to represent oneself;

"(3) Comprehends the nature of the charges and proceedings, the range of permissible punishments, and any additional facts essential to a broad understanding of the case; and

"(4) Has been made aware of the dangers and disadvantages of self-representation."

scripts of all of the previous proceedings. The attorney informed the court that he had advised the defendant that this would be virtually impossible. The third reason given by the defendant was that his counsel failed to obtain a copy of the search warrant that purportedly was used to enter the building where the defendant and the narcotics were found. Defense counsel explained to the court that no such search warrant existed.

The court found those three reasons insufficient to justify terminating representation by existing defense counsel. The court offered the defendant the option of either continuing with his appointed counsel or proceeding pro se. The trial then resumed with the defendant representing himself.

"A criminal defendant's right to counsel is a fundamental right guaranteed by both our federal and state constitutions." *State* v. *Oliphant,* 47 Conn. App. 271, 276, 702 A.2d 1206 (1997), cert. denied, 244 Conn. 904, 714 A.2d 3 (1998). "In addition, a criminal defendant enjoys the constitutional right to self-representation at trial . . . ." Id. These two rights may not be exercised simultaneously. *State* v. *Day,* 233 Conn. 813, 821, 661 A.2d 539 (1995). The defendant must choose between them. Id.

The right to counsel guarantee does not grant a defendant an unlimited opportunity to obtain alternate counsel on the eve or in the middle of trial. *State* v. *Rosado,* 52 Conn. App. 408, 429, 726 A.2d 1177 (1999). The court has the discretion to decide whether to grant a defendant's request for new counsel if the circumstances in the course of the trial warrant the appointment of new counsel. *State* v. *Joyce,* 45 Conn. App. 390, 406, 696 A.2d 993 (1997), appeal dismissed, 248 Conn. 669, 728 A.2d 1096 (1999). In the present case, the request for new counsel was made for insufficient cause and was made in the middle of trial. We conclude that the court

did not abuse its discretion when it gave the defendant the choice of proceeding with his appointed counsel or pro se. The defendant's constitutional right to counsel was not violated.

## II

The defendant's second claim is that the court improperly charged the jury with respect to the concept of reasonable doubt. The defendant contends that the instruction that "a reasonable doubt is a real doubt and an honest doubt, a doubt which has its foundation in the evidence offered in the case or lack of evidence" unconstitutionally diluted the state's burden of proof. We disagree.

The defendant took no exception to this portion of the jury charge and therefore failed to preserve this claim for review. The defendant now seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).[2] The court's instruction is not of constitutional dimension, however, and the defendant therefore is not entitled to *Golding* review. "While our Supreme Court has held that claimed instructional errors regarding the burden of proof or the presumption of innocence can be constitutional in nature . . . not all claims masquerading as constitutional ones concerning the burden of proof or the presumption of innocence have been afforded *Golding* review." (Citation omitted.) *State* v. *Ryan*, 53 Conn. App. 606, 612, 733 A.2d 273 (1999).

---

[2] Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, supra, 213 Conn. 239–40.

This court recently rejected an identical unpreserved claim in *State* v. *Ryan,* supra, 53 Conn. App. 606. In *Ryan,* as in the current case, "[t]he defendant claim[ed] that the court's instruction [was] improper because a reasonable doubt need not be founded on the evidence or the lack of evidence but must be consistent with the evidence offered at trial, and relies on *State* v. *Gallivan,* 75 Conn. 326, 53 A. 731 (1902), to support his claim." *State* v. *Ryan,* supra, 613. In *Ryan,* however, we found that reliance on *Gallivan* was misplaced because the challenge in *Gallivan* was to a court instruction containing language different from that at issue, and that case failed to support the defendant's assertions. Id. Our Supreme Court has held that similar language to that challenged here is not of "constitutional dimension." *State* v. *Taylor,* 239 Conn. 481, 505, 687 A.2d 489 (1996), cert. denied, 521 U.S. 1121, 117 S. Ct. 2515, 138 L. Ed. 2d 1017 (1997). The defendant cannot prevail on his unpreserved claim of instructional error.

III

The defendant's third claim is that the court imposed a harsh and excessive sentence. We decline to reach this claim.

The defendant was sentenced to a term of eight years incarceration for conspiracy to sell narcotics, a consecutive term of nine years for the sale of narcotics within 1500 feet of a school, a consecutive term of eight years for possession with intent to sell narcotics within 1500 feet of a school, and a consecutive term of five years for failure to appear in the first degree for a total effective sentence of thirty years imprisonment. He claims that the court was required to impose concurrent, not consecutive, sentences for each of these charges. He fails, however, to cite any authority prohibiting the court from imposing consecutive sentences. The defendant further argues that the sentence he received was in

retaliation for his decisions to reject a plea offer and to fire his court-appointed attorney.

The defendant failed to raise either of these claims at trial and therefore has failed to preserve them for appellate review. This court previously has noted that to review claims raised for the first time on appeal "would be nothing more than a trial by ambuscade of the trial judge." *Baker* v. *Cordisco*, 37 Conn. App. 515, 522, 657 A.2d 230, cert. denied, 234 Conn. 907, 659 A.2d 1207 (1995). "[W]e have consistently declined to review claims based on a ground different from that raised in the trial court." Id. Further, the defendant's failure to request either *Golding* or plain error review of those claims further precludes our review of his claims on appeal. Accordingly, we decline to review unpreserved claims of error.

## IV

The defendant's final claim is that he was denied the effective assistance of counsel. We also decline to review this claim.

The defendant argues that his attorney was ineffective both as standby counsel and while representing him fully. He claims, inter alia, that counsel was ineffective due to his lack of pretrial preparation. The proper forum for a claim of ineffective assistance of counsel is a petition for habeas corpus rather than a direct appeal. *State* v. *Hamilton*, 228 Conn. 234, 242–43, 636 A.2d 760 (1994). "Our Supreme Court has consistently concluded that the preferred vehicle for an ineffective assistance of counsel claim is either a petition for writ of habeas corpus or a petition for a new trial, not a direct appeal." *State* v. *Patrick*, 42 Conn. App. 640, 650–51, 681 A.2d 380 (1996). "Absent the evidentiary hearing available in the collateral action, review in this court of the ineffective assistance claim is at best difficult and sometimes impossible. The evidentiary hearing

provides the trial court with the evidence that is often necessary to evaluate the competency of the defense and the harmfulness of any incompetency." (Internal quotation marks omitted.) Id., 651. Because the proper vehicle for a claim of ineffective assistance of counsel is a petition for habeas corpus, we decline to review this claim.

The judgment is affirmed.

In this opinion the other judges concurred.