STATE OF CONNECTICUT *v.* LARRY JOHNSON
(AC 18405)

Foti, Schaller and Vertefeuille, Js.

Argued September 27, 1999—officially released April 4, 2000

*Del Atwell,* special public defender, for the appellant (defendant).

*Lawrence J. Tytla,* senior assistant state's attorney, with whom, on the brief, were *Kevin T. Kane,* state's attorney, and *John P. Gravalec-Pannone,* former senior assistant state's attorney, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant, Larry Johnson, appeals from the judgment of conviction of two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1),[1] unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a)[2] and assault in the third degree in violation of General Statutes § 53a-61 (a) (1).[3] The defendant claims that (1) the trial court improperly instructed the jury on the applicability of the reasonable doubt standard to every element of the offense in violation of his rights under the constitution of the United States, (2) the prosecution engaged in misconduct that violated his right to a fair

[1] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person . . . (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person . . . ."

[2] General Statutes § 53a-95 (a) provides: "A person is guilty of unlawful restraint in the first degree when he restrains another person under circumstances which expose such other person to a substantial risk of physical injury."

[3] General Statutes § 53a-61 (a) provides: "A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or (2) he recklessly causes serious physical injury to another person; or (3) with criminal negligence, he causes physical injury to another person by means of a deadly weapon, a dangerous instrument or an electronic defense weapon."

trial and (3) the evidence was insufficient to sustain a conviction.[4] We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On October 12, 1996, the Stonington police department received a report of a sexual assault at a residential boarding house for recovering substance abusers. The victim, an adult female, was a resident in an all female section of the facility. The defendant was a resident of the same facility, residing in the main residence.

Approximately two weeks prior to the assault, and prior to the victim's reporting to the facility, the defen-

---

[4] The defendant also claims that he was denied effective assistance of counsel. A claim of ineffective assistance of counsel is not properly raised on direct appeal and should be raised in a petition for a writ of habeas corpus. See *State* v. *Kitt*, 8 Conn. App. 478, 480 n.1, 513 A.2d 731, cert. denied, 202 Conn. 801, 518 A.2d 648 (1986). "[W]hen the claim of inadequate counsel is joined with other substantive and procedural claims of error, it is often difficult to make a judgment about the extent to which inadequate counsel has implicated the outcome of the criminal conviction. For that reason, it will ordinarily be necessary to await exhaustion of the direct appeal before the claim of ineffective assistance can be pursued on a petition for [a writ of] habeas corpus." (Internal quotation marks omitted.) *State* v. *Patrick*, 42 Conn. App. 640, 651, 681 A.2d 380 (1996), quoting *State* v. *Henderson*, 37 Conn. App. 733, 749, 658 A.2d 585, cert. denied, 234 Conn. 912, 660 A.2d 355 (1995).

The defendant further claims that the trial court imposed a harsh and excessive punishment. "[W]e have no discretionary power to modify or overturn a sentence that was within the limits fixed by statute for the offense charged, except where a trial court appears to have abused its discretion." *State* v. *Connelly*, 46 Conn. App. 486, 504, 700 A.2d 694 (1997), cert. denied, 244 Conn. 907, 908, 713 A.2d 829, cert. denied, 525 U.S. 907, 119 S. Ct. 245, 142 L. Ed. 2d 201 (1998). "Where the trial court has properly considered all of the offenses proved and imposed a sentence within the applicable statutory limitations, there is no abuse of discretion." Id. The defendant does not claim that the trial court did not properly consider his claim, nor does he claim that the sentence exceeds statutory limits. The defendant's claim, therefore, " 'is nothing more than an appeal for clemency and a request that this court exercise discretionary authority it does not possess' "; id., 503; and thus is not reviewable by this court. "A petition for sentence review . . . is the appropriate vehicle by which to have this claim evaluated. See General Statutes § 51-195 et seq." (Internal quotation marks omitted.) *State* v. *Connelly*, supra, 504, quoting *State* v. *Baldwin*, 224 Conn. 347, 370–71, 618 A.2d 513 (1993).

dant and the victim had engaged in consensual sexual activity consisting of "heavy petting." On the night that she was attacked, the victim considered the defendant a friend. On October 11, 1996, the victim walked to Westerly, Rhode Island, with the defendant. On their return from Westerly, the victim declined the defendant's request that she accompany him into the woods, which she interpreted as a proposition for sexual activity.

After the victim and the defendant returned to their quarters, the defendant visited the victim's room three times, twice claiming to have misplaced a cassette tape. On the third visit, the defendant claimed that he had bribed the director to be allowed to spend some time with the victim. The victim told the defendant that he should not be in her room. The defendant grabbed the victim by her hair, pulled her to her knees, and forced her to perform fellatio on him. The defendant ejaculated, leaving a stain on the carpet in the victim's room. The victim showered and changed her clothes, but, out of fear, did not report the assault. Later that evening, the defendant returned to the victim's room and forced her to have intercourse with him.

The next morning, the victim told her neighbor about the incident, which, through a series of communications, resulted in a complaint to the police by the director of the facility. The officer investigating the complaint noted a lump on the back of the victim's head where she claimed to have been grabbed by the defendant. The director stated in his police statement that he had contacted the victim that evening and asked her if she would allow the defendant to visit her room. The director's trial testimony did not, however, describe any interaction with the victim, and neither counsel raised a discrepancy between his testimony and his police statement. When first confronted by the police, the defendant claimed that the victim was lying. Later,

the defendant admitted that he had had sex with the victim, but claimed that it had been consensual. The director believed that the defendant and the victim were involved in a relationship. The DNA evidence extracted from the carpet in the victim's room was inconclusive.

I

The defendant claims first that the trial court improperly instructed the jury by defining reasonable doubt as doubt "which has its foundation in the evidence or lack of evidence" and thereby failed to make the reasonable doubt standard applicable to every element of the offense in violation of his rights under the constitution of the United States. We disagree.

The defendant did not preserve his constitutional claim nor did he seek review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[5] Even under *Golding* review, this claim of improper jury instruction is controlled by our decision in *State* v. *Ryan*, 53 Conn. App. 606, 733 A.2d 273 (1999).

We reasoned in *Ryan* that "[j]ust as every claim of evidentiary error by the trial court is not truly constitutional in nature . . . every claim of instructional error is not truly constitutional in nature. . . . While our Supreme Court has held that claimed instructional errors regarding the burden of proof or the presumption of innocence can be constitutional in nature so as to satisfy the second *Golding* requirement . . . not all claims masquerading as constitutional ones concerning

[5] In *Golding*, the court concluded that "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

the burden of proof or the presumption of innocence have been afforded *Golding* review." (Citation omitted; internal quotation marks omitted.) Id., 612. As in *Ryan*, in which we addressed a jury instruction identical to the instruction used in the defendant's trial, we conclude that "the trial court's instruction did not constitute a constitutional violation and, therefore, the defendant's claim is not entitled to *Golding* review." Id.

## II

The defendant next argues that the prosecutor's failure to introduce into evidence allegedly exculpatory material constitutes prosecutorial misconduct. Again, the defendant has not requested *Golding* review of his unpreserved claim. Even under *Golding* analysis, we are not persuaded.

Claims of prosecutorial misconduct address whether the facts "disclose a pattern of misconduct pervasive throughout the trial or conduct that was so blatantly egregious that it infringed on the defendant's right to a fair trial." (Internal quotation marks omitted.) *State* v. *Sinchak*, 47 Conn. App. 134, 145, 703 A.2d 790 (1997), appeal dismissed, 247 Conn. 440, 721 A.2d 1193 (1999), quoting *State* v. *Ricketts*, 37 Conn. App. 749, 762, 659 A.2d 188, cert. denied, 234 Conn. 913, 660 A.2d 355, cert. denied, 516 U.S. 977, 116 S. Ct. 481, 133 L. Ed. 2d 409 (1995). In support of this claim, the defendant submits a police statement made by the residence director, which indicates that the victim had consented to a late evening visit by the defendant after the incident at issue. There is no reference to the content of this police statement in the director's trial testimony.

We recognize that "[i]t is well established, as claimed by the state, that a state's attorney has a duty, not solely to obtain convictions, but to ensure that all evidence tending to aid in the ascertaining of the truth be laid

before the court, whether it be consistent with the contention of the prosecution that the accused is guilty." (Internal quotation marks omitted.) *State* v. *Mitchell*, 169 Conn. 161, 165–66, 362 A.2d 808 (1975).[6] The Supreme Court in *Mitchell* concluded: "It would not appear that in the circumstances of this case the performance of this duty imposed upon the state's attorney any obligation to go further than to make known to the court and to the defendant that such evidence exists in the same manner as any other evidence that tends to be exculpatory is revealed." Id., 166.

Here, the defendant makes no claim that information concerning the victim's having given the defendant permission to visit her room after the sexual assault was withheld from him and his counsel. In fact, the record suggests that the information was disclosed, and that the defendant had been informed that the victim had granted permission for the visit. The defendant claims that the state's attorney had a further duty to present that information to the trier of fact when the defendant failed to offer the evidence to the jury. We disagree and conclude that, under the circumstances of this case, the state's attorney fully performed his duty and was not obligated to present the evidence to the trier of fact. Accordingly, this claim does not satisfy the third *Golding* requirement.

III

The defendant's final claim is that the evidence was insufficient to establish the threat of force required for conviction of sexual assault in the first degree because his conviction was based solely on testimonial evidence that amounted to circumstantial evidence at best. We are not persuaded.

---

[6] Cf. *State* v. *Harris*, 147 Conn. 589, 598, 164 A.2d 399 (1960) (duty of state's attorney to introduce all evidence that tends to aid court in ascertaining truth).

"We utilize a two-part analysis when reviewing a challenge to the sufficiency of evidence. . . . First, we review the evidence in the light most favorable to sustaining the verdict. . . . We then determine whether, on the facts thus established and the inferences reasonably drawn therefrom, the jury could reasonably have concluded that the cumulative effect of the evidence establishes guilt beyond a reasonable doubt. . . . In the review process, the probative force of the evidence is not diminished if it consists in whole or part of evidence that is circumstantial rather than direct. . . .

"[T]he inquiry into whether the record evidence would support a finding of guilt beyond a reasonable doubt does not require the court to ask itself whether it believes that the evidence . . . established guilt beyond a reasonable doubt. . . . Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution. The criterion thus impinges upon jury discretion only to the extent necessary to guarantee the fundamental protection of due process of law." (Citations omitted; internal quotation marks omitted.) *State* v. *Boykin*, 27 Conn. App. 558, 563–64, 609 A.2d 242, cert. denied, 223 Conn. 905, 610 A.2d 179 (1992).

The defendant's claim of insufficient evidence focuses on prior consensual activity between him and

the victim, the inconclusive DNA testing of the sperm retrieved from the carpet in the victim's room, and the defendant's multiple visits to the victim's room on the night the incident occurred. The defendant refers to the victim's denial of a previous relationship with the defendant and the sequence of events consisting of multiple visits as proof of consent. The defendant also asserts that the residence director's belief that the defendant and the victim were having a relationship, and that the victim had admitted the defendant into her quarters after she had been forced to perform oral sex establish insufficient evidence for conviction. These evidentiary claims involve credibility determinations within the province of the jury.

"As to any conflicting testimony provided by the state's witnesses, we follow the well established rule that we must defer to the jury's assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . This court cannot substitute its own judgment for that of the jury if there is sufficient evidence to support the jury's verdict. . . . When conflicting testimony is presented, the jury may credit the testimony it finds believable. . . . Therefore, [t]he [jury] can . . . decide what—all, none, or some—of a witness' testimony to accept or reject." (Citations omitted; internal quotation marks omitted.) *State* v. *Grenier*, 55 Conn. App. 630, 654, 739 A.2d 751 (1999), cert. granted on other grounds, 252 Conn. 931, 746 A.2d 794 (2000).

Construing the evidence in the light most favorable to sustaining the verdict, the record shows that the defendant, by his own testimony, was present in the victim's room. The record further shows that the victim claimed and the police officer corroborated trauma to the back of the victim's head. Considering this testimony, in addition to the victim's testimony concerning the events the night she was assaulted, the jury reason-

ably could have found that the victim was forced by the defendant to perform sexual acts. The jury was in the best position to resolve any question as to the credibility of the witnesses testifying to these facts. We conclude that the evidence was sufficient to convict the defendant on the charges of sexual assault.

The judgment is affirmed.

In this opinion the other judges concurred.