[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
BY THE DIVISION
Leo Charles, petitioner, was found guilty after a jury trial of the following crimes: Count 1, Conspiracy to Commit Sale of Narcotics Within 1500 Feet of a School, a violation of § 53a-48 and 21a-278a (b); Count 2, Sale of Narcotics Within 1500 Feet of a School, a violation of § 21a-278a (b); Count 3, Possession of Narcotics With Intent to Sell Within 1500 Feet of a School, a violation of § 21a-278a (b); and Count 4, Failure to Appear in the First Degree, a violation of §53a-172.
The petitioner was sentenced to a term of eight years incarceration on Count 1, a term of nine years on Count 2, a term of eight on Count 3, and a term of five years on Count 4, each sentence to be consecutive with the other for a net effective sentence of thirty (30) years imprisonment.[1]
It is this sentence petitioner seeks to have reviewed.
The factual basis for the charges can be found in State v. Charles,56 Conn. App. 722, as follows:
The jury reasonably could have found the following facts. On February 18, 1997, in the evening hours, the Bridgeport police conducted a surveillance of 35 Laurel Court, which is located 800 feet from a middle school. Police officers observed several pedestrians walk to the door of the building and engage in hand to hand transactions with the defendant. Two of the pedestrians were stopped after leaving the property, and both were found to have narcotics in their possession. The defendant then walked out of the building and onto an adjacent sidewalk, where he appeared to conduct another hand to hand narcotics sale. As police approached the defendant to place him under arrest, he fled into the building. The officers forcibly entered an apartment in the building and CT Page 3674 found the defendant in the living room near two bags of cocaine. The defendant also had $400 on his person. He was placed under arrest. Two other individuals were also apprehended in the apartment. The defendant later failed to appear in court on one of his court dates. Id., 724.
There are aggravating factors present here as the court ably identified: 1) The seriousness of the matters for which the petitioner was convicted; 2) The petitioner was on probation at the time of the offenses; 3) The petitioner has a prior criminal history; 4) The petitioner is an illegal alien and, 5) The petitioner had unrelated matters pending in the criminal justice system at the time of sentencing.
At the hearing before the Division counsel for petitioner claimed that the sentence imposed was excessive in light of the relatively small amount of narcotics seized from petitioner and that the facts did not merit consecutive sentences.
Counsel for the State indicated that the conviction was affirmed and that petitioner was on probation at the time of the instant offenses.
The Division is aware of the serious nature of narcotics offenses that pull at the very fabric of our society. Special attention must be given to those individuals who traffic in narcotics, individuals such as the petitioner.
It appears from the record provided that the law enforcement authorities had a particular location under surveillance. The record reflects the police observed what they believed to be several narcotics transactions. Two presumed buyers were stopped by police after the purchase from the defendant and a quantity of narcotics was seized from these individuals we infer to be buyers. The record that has been provided to us does not indicate the quantity seized from the presumed buyer (s) nor could the parties provide that information at the hearing before the Division.
The Division is aware that "any" quantity of contraband is legally sufficient to support a conviction.
The record further reveals that a search incident to arrest of the vacant apartment into which the petitioner retreated, narcotics were seized, attributable to petitioner, which amounted to .1 gram in weight.
The petitioner's criminal history reflects 2 misdemeanor convictions: Reckless Endangerment and Discharging a Firearm for which the petitioner CT Page 3675 received probation that apparently was completed uneventfully. The petitioner was also convicted of a felony, carrying a dangerous weapon, for which he was given a 3 year sentence which was completely suspended with probation for 3 years. The criminal history reflects no previous sentence of incarceration. By the commission of the instant offense, this probation was violated and the petitioner "owes" up to three years incarceration relevant to any violation of probation.
The record overall, taken by itself or in the aggregate with other factors, is not so egregious that it would merit significant weight against the defendant in the factoring of an appropriate sentence.
The fact that there were other pending matters is not sufficiently addressed in the record. The trial court in its sentencing remarks alluded to "pending matters" but the record is devoid of any factual basis, or any "minimal indicium of reliability"[2] to merit the consideration and the factoring in of these matters into the sentence imposed.
It is noteworthy that the attorney for the State at the hearing before the Division when asked what he opined an appropriate sentence would be under the circumstances of this case responded "should be double digits."
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provisions of Connecticut Practice Book § 43-23
et seq., and Connecticut General Statute § 51-194 et seq.
Taking into consideration the serious nature of the crime, the quantity of narcotics seized, the criminal history of the defendant, and other relevant factors, the Division finds that the sentence imposed is excessive and disproportionate to others similarly situated.
This matter is referred to the Superior Court, Judicial District of Fairfield, and pursuant to General Statute § 51-196 the Superior Court shall re-sentence the petitioner to a net effective sentence of fourteen years incarceration. The Court shall impose three years on each CT Page 3676 of Counts 1 through 3 and 5 years incarceration on Count 4, each to be served consecutively with the other for a net effective sentence of fourteen years incarceration.
The sentence is ORDERED MODIFIED.
 Miano, J. Ford, J. Holden, J.
Miano, J., Ford, J. and Holden, J. participated in this decision.