O.C. HILL, Jr., Appellant,

v.

STATE of Texas, Appellee.

No. 11–91–278–CR.

Court of Appeals of Texas,
Eastland.

Dec. 31, 1992.

Steven R. Herod, Ranger, for appellant.

Leslie B. Vance, Criminal Dist. Atty., Eastland, for appellee.

## OPINION

DICKENSON, Justice.

After a nonjury trial, the district judge convicted O.C. Hill, Jr., of aggravated assault of a police officer,[1] found that the enhancement allegations were true, and assessed punishment at confinement for 60 years.[2] We reverse and render a judgment of acquittal.

In a single point of error, appellant argues that the evidence is insufficient to support his conviction. The facts of this case are undisputed. The dispute is whether those facts are sufficient to prove that appellant threatened a police officer with "imminent" bodily injury.

On July 13, 1991, Officer Clay Ladd and the other two City of Ranger Police Officers were present at a dance in that city. Around 1:00 a.m., appellant was causing a disturbance, and Officer Ladd asked him to leave the dance. When appellant refused to comply, Officer Ladd arrested him. Appellant's hands were cuffed behind his back, and he was placed in the front seat of Officer Ladd's patrol car. Appellant became belligerent: he cursed, yelled, kicked, turned the patrol car siren on, interfered with control of the police vehicle, and repeatedly threatened to kill Officer Ladd. These threats are the basis of the State's prosecution for aggravated assault. At trial, Officer Ladd testified about the threats during direct-examination by the State.

---

1. TEX.PENAL CODE ANN. § 22.02 (Vernon Supp.1993) defines the offense and declares it to be a felony of the third degree.

2. TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1993) provides that the punishment for any felony offense shall be enhanced, when two prior felony offenses are properly alleged in the indictment and proved at trial, to confinement for life or to any term of not less than 25 nor more than 99 years.

During cross-examination, Officer Ladd testified in part as shown:

> Q: So your testimony has been that each time that you have testified that you were threatened, he was cuffed, correct?
>
> A: Correct.
>
> Q: And he had his hands behind his back?
>
> A: Correct.
>
> Q: You also testified that you were concerned that he would make good on his threats *when he got out of jail*?
>
> A: Yes, sir.
>
> Q: Now, he was going to jail that night, correct?
>
> A: Correct.
>
> Q: Isn't it true that *you were not fearful of him carrying out his threats immediately*? Is it true he couldn't carry them out, he was handcuffed, right?
>
> A: *Correct.*
>
> Q: So at least for the time being there was no way that he could make good on his threats, correct?
>
> A: Correct. (Emphasis added).

As an appellate court reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the jury's verdict (or to the trial court's findings in a nonjury case) in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Ransom v. State*, 789 S.W.2d 572 at 577 (Tex. Cr.App.1989), *cert. den'd*, 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990).

■■■ In this case, appellant was tried for aggravated assault because his threats were directed at a police officer. In order to prove an "assault" by the verbal threats, the State had to show that appellant threatened Officer Ladd with "imminent" bodily injury. See TEX.PENAL CODE ANN. § 22.01(a)(2) (Vernon 1989) which provides that a person commits the offense of assault if the person: "[I]ntentionally or knowingly threatens another with *imminent* bodily injury." (Emphasis added). The Court of Criminal Appeals has defined "imminent" as meaning "near at hand." *Devine v. State*, 786 S.W.2d 268 at 270 (Tex.Cr.App.1989).[3] See *Garrett v. State*, 619 S.W.2d 172 at 174 (Tex.Cr.App.1981). See also TEX.GOV'T CODE ANN. § 311.011(a) (Vernon 1988)[4] and BLACK'S LAW DICTIONARY 676 (5th ed. 1979) which defines "imminent" as meaning "near at hand" and "on the point of happening" and which defines "imminent danger" as meaning "immediate danger, such as must be instantly met." In our view, an event is "near at hand" when it is on the verge of happening.

■■■ The record reflects that while appellant repeatedly threatened to kill Officer Ladd, these threats referred to "future" bodily injury rather than "imminent" bodily injury because they were conditioned on appellant being released from jail at some time in the future. Since appellant was intoxicated when he made the threats, it is obvious that his release was not imminent. Moreover, appellant did not have the present ability to carry out his threats because he was under restraint, initially in handcuffs and later behind bars, when he made the threats. Appellant's threats to kill Officer Ladd were in no way on the verge of happening; consequently, they did not threaten "imminent" bodily injury.

The State relies upon *Tanksley v. State*, 656 S.W.2d 194 at 196 (Tex.App.—Austin 1983, no pet'n), which held that a threat made by a prisoner from behind locked doors was, under the facts of that case, a threat of action near at hand. In *Tanksley*, the prisoner was being held in a temporary holding cell when he told the jailer

---

3. The court construed the word "imminent," as it is used in TEX.PENAL CODE ANN. § 29.02(a)(2) (Vernon 1989) to define the offense of robbery. The court then held that an "imminent" threat is one of present harm. In reaching our decision, it is proper for this court to consider *Devine.* TEX.PENAL CODE ANN. § 1.05(b) (Vernon Supp.1993); TEX.GOV'T CODE ANN. § 311.023(4) (Vernon 1988).

4. Section 311.011(a) reads: "Words and phrases shall be read in context and construed according to the rules of grammar and common usage."

that he would stab the jailer in the eye when the jailer attempted to move him. To back up his threat, the prisoner showed the jailer a sharp weapon he had fabricated from a toothbrush handle. Because the prisoner had "no right to impose upon the jailer's freedom of movement," the Austin Court of Appeals held that the prisoner's stated contingency (that the jailer had to enter the cell) did not prevent the threat from being one of present harm. In our case, appellant possessed no deadly weapon and expressed no threat of present harm. The threats were conditioned on a remote and future event: appellant's release from jail. Unlike the prisoner in *Tanksley,* appellant had no present ability to carry out the action promised by his threats.

Viewing the evidence in the light most favorable to the trial court's findings, we find no proof that appellant threatened Officer Ladd with "imminent" bodily injury. The evidence is insufficient to support the judgment of conviction. Consequently, we sustain appellant's point of error. This results in an acquittal under *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

The judgment of the trial court is reversed, and this court renders a judgment of acquittal.