11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

In the
Matter of Eddie Lee Lewis, Jr.

No. 11-04-00075-CV -- Appeal from Ector County

 

The trial court entered a Family Violence
Protective Order which prohibits Eddie Lee Lewis, Jr. from communicating with
(and from going within 200 yards of) his brother, Michael Ray Lewis, or their
mother, Gladys Lewis, or several other members of the family who are named in
the order.  Eddie appeals.  We modify and affirm.

                                                                  Issues
Presented

Appellant argues in his first two issues that
there was insufficient evidence that he had threatened Aimminent@ harm to his brother or that family
violence was likely.  Appellant argues in
his final point that there was no evidence that he had ever threatened his
mother.

                                                                Background
Facts

Five members of the Lewis family testified during
the nonjury hearing on January 26, 2004. 
Michael and his wife testified in support of the application for
protective order.  Eddie and his wife
testified in opposition to the application. 
The mother of the two men, Gladys Lewis, also testified.  Relevant portions of her testimony read as
shown:

[DISTRICT ATTORNEY]: Mrs. Lewis, why have you been
afraid to be there at your residence?

 

A: Because my oldest son threatened my youngest
son and I=ve been
afraid - -  I just don=t feel comfortable going home by myself
yet.

 

                                                            *   *   *

 

[APPELLANT=S
ATTORNEY]: Has Eddie ever threatened you?

 

A: No. 

 

 








                                                            Trial
Court=s
Comments

After the evidence was closed and after arguments
by counsel, the trial court made the following comments in open court:

Okay.  Thank
you, counsel.  And I=m sorry that we=ve
had this problem come up.  And I know
that family matters are the most serious of any matter.... And I=m sorry that your mother is involved in
this also.

 

I am concerned about the proof of imminent danger,
but I think that the threat is sufficient to and I do find that there has been
an act of family violence and that it will occur in the future or is likely to
if I don=t grant a
protective order.  So I am going to grant
it, but I=m just
going to grant it for one year only.[1]
And also...I=m not
going to prohibit the Respondent from possessing firearms.[2]

 

                                                                  Appellate
Ruling

The first two issues are overruled.  As noted above, five witnesses testified
during the hearing about the telephone calls which were made on January 1,
2004, between appellant and his brother. 
All of them confirm that appellant was angry because he thought that his
brother, Michael, had called Children=s
Protective Service (CPS) and told them that appellant=s
daughter, Lindsey, had slapped her young daughter, Elise.  

Michael testified that, during their first
conversation, he told appellant that he did not know who had called CPS.  Later that day appellant called Michael and
left a message on the telephone answering machine.  Michael testified that, when he returned the
call, appellant answered the phone and said that he Ahad
an issue@ with
Michael and that he knew that Michael had 
Aturned
Lindsey into the CPS for slapping Elise.@     

Portions of Michael=s
testimony on direct examination which support the trial court=s ruling read as shown:








[Appellant] said, AI
know you did it.@  He was talking to me.  And he said, AI
think that=s pretty
sorry of you.@  And he said, AWhat
happens in the family stays in the family. 
And what I told you that night outside of your house about it really did
happen, that Lindsey did slap and beat on Elise, should=ve
stayed in the family.@  

 

And he said, AThis
was none of your business.  You should=ve stayed out of it.@

 

And I said, AYou
made it my business when you brought her to my house.  And you made it everybody=s business.@  There were five adults there that saw it.

 

And he said, AWell,
I=ve told the CPS a different story and
so now, you know, we=re
going to have to do something about this.@  He said, AYou
need to change your story.@

 

I said, AI=m not changing my story.@ 
And he said, AWell,
you little f=ing
bastard.@  He said, AWhen
I see you again, I=m
going to stomp your ass until they bury you.@  

 

And, you know, he kept repeating that.  And then he said he wanted to talk to my
mother.  (Emphasis added)

 

Michael testified that appellant was Avery angry@
during these conversations, and Michael also testified that he Afelt very threatened@ because appellant has a Abackground of violence.@ 
Michael also testified that appellant called again on January 3 and left
another angry message on the answering machine. 
Michael testified that appellant lives near Houston but that he comes to
Midland and Odessa frequently.  This
testimony is both legally and factually sufficient to support the trial court=s findings that appellant had
threatened Aimminent@ harm to his brother and that family
violence was likely if the court did not enter a protective order.  

Appellant cites Hill v. State, 844 S.W.2d
937 (Tex.App. - Eastland 1992, no pet=n),
in support of his argument that this proof is not sufficient to show a threat
of Aimminent@
bodily injury.  That case is factually
distinguishable because that defendant was handcuffed while he was making  threats to the arresting officer, and it was
an appeal of a conviction for the Aaggravated
assault@ of the
police officer.








Appellant also cites Pitte v. State, 102
S.W.3d 786 (Tex.App. - Texarkana 2003, no pet=n),
in support of his argument that the proof is not sufficient to show a threat of
Aimminent@
bodily injury.  That case does not
support appellant=s
argument; the court of appeals affirmed the conviction after stating that it
was for the trial court to judge the credibility of the witnesses and the
weight to be given to the testimony.  See
Pitte v. State, supra at 791.

Appellant also cites Ulmer v. Ulmer, 130
S.W.3d 294 (Tex.App. - Houston [14th Dist.] 2004, no pet=n),
an appeal from a family-violence protective order.  That case does not support appellant=s argument; the appellate court
affirmed the trial court=s
order stating that the trial court is the sole judge of the credibility of the
witnesses and of the weight to be given to their testimony.  Ulmer v. Ulmer, supra at 300.

The third issue is sustained.  There is no evidence that appellant ever made
any threats of violence to his mother. 
As noted above, she testified that he had never threatened her.  There is no evidence that he had made any
threats of violence to her.  

Pursuant to TEX.R.APP.P. 43.2(b), this court will
modify the judgment of the trial court by deleting all provisions which
prohibit appellant from seeing or communicating with his mother.  As modified, the judgment will be affirmed.

The judgment of the trial court is modified to
delete all provisions which prohibit appellant from seeing or communicating
with Gladys Lewis; and, as modified, the judgment is affirmed.

 

BOB DICKENSON

SENIOR JUSTICE

 

August 11, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consist of:  Wright, J., and

McCall,
J., and Dickenson, S.J.[3]











[1]We note that it has been more than one year since the
hearing and that the protective order is no longer in effect; however, an
expired protective order is not moot because it has collateral
consequences.  See, e.g., Ex parte
Flores, 130 S.W.3d 100, 105 (Tex.App.- El Paso 2003, no pet=n); James v. Hubbard, 21 S.W.3d 558, 560
(Tex.App. - San Antonio 2000, no pet=n); In
re Cummings, 13 S.W.3d 472, 475 (Tex.App. - Corpus Christi 2000, no pet=n).





[2]The record shows that appellant=s job requires him to take his employer=s customers on hunting trips.





[3]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.