

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-0376-CR
No. 07-12-0377-CR
_____

Karla Jane Dobbs, Appellant

v.

The State of Texas, Appellee

On Appeal from the 31st District Court
Gray County, Texas
Trial Court Nos. 9191 & 9192, Honorable Steven Ray Emmert, Presiding

March 20, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant Karla Jane Dobbs was convicted, after a bench trial, of aggravated assault with a deadly weapon and aggravated assault on a public servant. In seeking to overturn those convictions, she argues 1) there is insufficient evidence that she intentionally or knowingly threatened Officer Tobie Bias, and 2) bodily injury from a

vehicle is not imminent when the vehicle is going so slowly that the complainant can easily avoid it. We affirm the judgments.

The charges arose from an incident in which appellant had parked her vehicle for several days in a Pampa, Texas, neighborhood and was living out of it. During that time, she had played her radio loudly and honked the horn on her car repeatedly. When one of the residents of the neighborhood, Jeremy Doucette, tapped on the window of the car and asked her to leave, she said to him, "Who the fuck are you?" When he replied that he lived there, she told him he was "a God damn liar." Jeremy then sat down several feet from her car and stared at her. Thereafter, appellant drove down the street, waited for a little while, returned, drove slowly upon Doucette's yard towards the owner as he sat, and struck him and the chair on which he sat as he attempted to move out of the way.

Shortly after appellant struck Doucette with her car, the police arrived. One officer approached and went to the driver's side of her car and one to the passenger's side. Appellant then rolled her car windows up and locked the doors. The officers ordered her to exit. Instead of complying, she placed an article of clothing over her head. Officer Bias then broke the window on the passenger side and tried to open the door. As he did so, appellant accelerated rapidly in reverse onto the street. Bias too headed for the street and stopped a short distance in front of the car. When appellant shifted the car into drive, the officer pulled his firearm. This did not dissuade appellant for she stared at the officer with a "demonic" blank look and accelerated towards him. The officer fired his weapon as the car approached and then jumped out of its path just before it could strike him.

2

*Issue 1 – Sufficiency of the Evidence*

First, appellant argues that there is insufficient evidence to show that she had the requisite mens rea to commit the offense of aggravated assault upon a public servant. This was purportedly so because she had suffered from mental illness, engaged in odd behavior, and adopted a "demonic" blank stare. Thus, an expert was needed before anyone could reasonably infer whether she intentionally or knowingly threatened the officer with her car. We overrule the issue.

A person commits aggravated assault if he commits an assault by using or exhibiting a deadly weapon. TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). An assault occurs when a person intentionally or knowingly threatens another with imminent bodily injury.[1] *Id.* § 22.01(a)(2). Next, whether one acted intentionally or knowingly may be inferred from circumstantial evidence, *Wolfe v. State,* 917 S.W.2d 270, 275 (Tex. Crim. App. 1996), such as from the words and conduct of the accused. *Hart v. State,* 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). There was sufficient circumstantial evidence to support the factfinder's decision here.

Appellant placed her vehicle in reverse and sped from Doucette's yard when the officers attempted to secure her. Then she placed the car in drive and accelerated at the officer who stood in her path. No effort was made to swerve. Instead, she looked in the officer's direction, donned a "demonic" visage, and headed at him. All this occurred after appellant moments before had driven upon Doucette's yard and struck

---

[1] A person acts intentionally when it is her conscious objective or desire to engage in the conduct or cause the result. TEX. PENAL CODE ANN. § 6.03(a) (West 2011). A person acts knowingly with respect to the nature of her conduct when she is aware of the nature of her conduct and acts knowingly with respect to the result of her conduct when she is aware that her conduct is reasonably certain to cause the result. *Id.* § 6.03(b).

him with her car. Such is some evidence upon which a rational fact finder could infer beyond reasonable doubt that appellant intended to threaten Officer Bias with her car. And, the mere presentation of evidence suggesting mental illness does not *require* anyone to conclude that appellant lacked the capacity to act with an intentional or knowing mens rea. *Jackson v. State,* 160 S.W.3d 568, 575-76 (Tex. Crim. App. 2005).

*Issue 2 – Imminent Bodily Injury*

Next, appellant urges that the evidence was insufficient to convict her of assaulting Doucette. This is allegedly so because he could have avoided the threat's fruition, that is, he could have escaped from the car's path since it was moving slowly. We overrule the issue.

In effect, appellant is asking us to conclude that an assault by threat cannot occur if the victim can avoid the altercation. Yet, we know of no case saying that a car must be approaching rapidly before it constitues an imminent threat. Nor do we know of some theory requiring the State to prove that the victim cannot escape harm before a threat becomes assaultive conduct. Indeed, there are opinions upholding convictions even though the victim did not accept the accused's invitation to submit to a "butt" "kick[ing]," *see e.g.*, *Adams v. State*, 222 S.W.3d 37, 51 (Tex. App.–Austin 2005, pet. ref'd) or leave property on which the victim lawfully stood when threatened with being shot. *See e.g.*, *Tidwell v. State*, 187 S.W.3d 771, 775 (Tex. App.–Texarkana 2006, pet. dism'd).

Addionally, the word "imminent" has been defined to mean "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." *Garcia v. State,* 367 S.W.3d 683, 689 (Tex. Crim. App. 2012), *quoting Devine v. State,*

4

786 S.W.2d 268 (Tex. Crim. App. 1989). Appellant has cited us to nothing of record suggesting that Doucette's threat of being struck was something less than menacingly near or impending if he stood his ground on land he lawfully occupied. And to the extent that appellant would have the law impose some type of duty upon the victim to mitigate or avoid the results of the threat before an assault by threat can happen, she is free to petition higher authority to achieve that end.

Simply put, not only did appellant drive upon Doucette's yard and aim her car at him, but she also struck him with it. Though she drove slowly, she nonetheless drove. Though she could have stopped or swerved, she did not attempt such actions. Had Doucette not moved, the results may have been far more adverse. The factfinder had more than some evidence upon which to conclude that the assault was imminent on the part of appellant. *See Hill v. State,* 844 S.W.2d 937, 938 (Tex. App.–Eastland 1992, no pet.) (holding that "imminent" means on the verge of happening).

Accordingly, the judgments are affirmed.

Per Curiam

Do not publish.