Opinion filed April 14, 2016



In The

# Eleventh Court of Appeals

_____

No. 11-14-00108-CR

_____

## CHARLES EDWARD HALL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR42027**

## MEMORANDUM OPINION

The jury convicted Charles Edward Hall of aggravated assault with a deadly weapon. The jury also found the enhancement allegation "true." The jury assessed Appellant's punishment at confinement for twelve years and a fine of $1,000, and the trial court sentenced Appellant accordingly. We affirm.

On the day of the offense, Appellant stopped at McLloyd's Spirits, a liquor store in Midland, on his way to get a motel room. At the same time, Martina Lopez

and her daughter, Teresa Lara, along with Lara's two young children, were selling produce in the parking lot next to the liquor store. Lara heard a commotion outside the liquor store, got into the vehicle with her family, and locked the doors. Lopez was seated in the driver's seat. Lopez and Lara both testified that Appellant came up to the driver's side of the vehicle with a knife in his hand and made stabbing motions toward the driver's side window. Lopez and Lara testified that they were afraid for the safety of the family and that they were crying as Appellant continued to stab at the window. Lopez testified that Appellant was outside the vehicle for approximately seven minutes before he walked away. Appellant then went to a car wash across the street and, with knife in hand, began to chase a young boy. Lara called the police.

When the police arrived, Appellant had a knife in his left hand; the officers also noticed that Appellant had a cast on his right arm. Officer Sonya Campbell, with the Midland Police Department, testified that Appellant ran when she first ordered him to drop his knife. Officer Campbell further testified that Appellant switched the knife from his left hand to his right hand as she pursued him. Officer Campbell and Officer Cristin McNulty, also with the Midland Police Department, repeatedly told Appellant to put down the knife before he finally complied.

Appellant testified that he left the liquor store and began to make his way to the car wash across the street; he did not approach a vehicle. As he walked toward the car wash, someone in a vehicle began to follow him too closely. In an effort to show whoever was in the vehicle that he could defend himself, Appellant pulled out his knife and held it up. He claimed that he could not see the people in the vehicle because the vehicle had tinted windows. Further, he testified that he never made stabbing motions toward the driver's side window and that he did not threaten anyone in the liquor store parking lot.

In his first issue, Appellant argues that the evidence was insufficient to find him guilty of aggravated assault with a deadly weapon. In Appellant's second issue, he argues that the evidence was insufficient to prove that Appellant had the requisite scienter to commit a crime. Because these two issues require the examination of the evidence as a whole, we will address them together.

We review the sufficiency of the evidence, whether denominated as a legal or as a factual sufficiency claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). In our review, we will give deference to the duty of the factfinder to resolve credibility issues and to weigh the evidence. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

The State tried Appellant for "intentionally and knowingly threaten[ing] [Lara] with imminent bodily injury" while using or exhibiting a "deadly weapon . . . during the commission of the said assault." *See* TEX. PENAL CODE ANN. § 22.02 (West 2011). A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id.* § 1.07(17)(B) (West Supp. 2015). A person acts intentionally with respect to his conduct when it is his conscious objective or desire to engage in the conduct. *Id.* § 6.03(a). A person acts knowingly with respect to the nature of his conduct or to the circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. *Id.* § 6.03(b).

Appellant argues that, because he testified that he did not intend to commit any type of crime, the evidence is insufficient to show that he had the requisite mental state for the jury to find him guilty. The jury, however, was entitled to accept or reject any or all of the testimony of any witness. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). It was not necessary that Appellant use words to convey a threat or to show that he had the requisite mental state to commit a crime. *McGowan v. State*, 664 S.W.2d 355, 357 (Tex. Crim. App. 1984) ("A threat may be communicated by action or conduct as well as words."). Generally, direct evidence of intent is not presented; rather, circumstantial evidence provides proof of the culpable mental state. *Dillon v. State*, 574 S.W.2d 92, 94 (Tex. Crim. App. [Panel Op.] 1978); *Knight v. State*, 406 S.W.3d 578, 587 (Tex. App.—Eastland 2013, pet. ref'd). "A jury may infer intent from any facts which tend to prove its existence, including the acts, words, and conduct of the accused, and the method of committing the crime and from the nature of wounds inflicted on the victims." *Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999).

Here, Appellant's actions show that he had the requisite mental state to commit a crime. Lara testified that Appellant, unprovoked, approached the vehicle with a knife in his hand. Lara and Lopez both testified that the family became frightened when Appellant made stabbing motions toward the driver's side window of their vehicle. Lopez testified that Appellant continued to stab toward the window for seven minutes. Lara feared for the lives of her children, her mother, and herself. Appellant testified that he pulled out the knife to show the individual, or individuals, in the vehicle that followed him that he could defend himself. Based upon the evidence presented at trial, a rational trier of fact could have found beyond a reasonable doubt that Appellant had the requisite mental state to commit the crime of aggravated assault with a deadly weapon. *See id.*; *McGowan*, 664 S.W.2d at 356.

Further, Appellant maintains that the evidence is insufficient because there was no evidence of "improper contact" between Appellant and Lara. However, the fact that Lara was not the closest person to the driver's side window did not prohibit the jury from finding that Appellant's actions threatened her. Lara testified that she could see Appellant through the driver's side window as he stabbed toward it. She explained how fearful she was that he would hurt her or her family. We find that a reasonable juror could have found beyond a reasonable doubt that Appellant threatened each of the individuals inside the vehicle, including Lara.

Additionally, Appellant contends that, because he did not use words to threaten the victims and because he did not make direct contact with the victims or the vehicle, the threat was not imminent. In *Garcia v. State*, the Court of Criminal Appeals defined "imminent" as "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." *Garcia v. State*, 367 S.W.3d 683, 689 (Tex. Crim. App. 2012) (quoting *Devine v. State*, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989)). Appellant cites *Hill v. State*, in which this court found that a threat was not imminent when the threatened actions could not be carried out in the immediate future. *See Hill v. State*, 844 S.W.2d 937, 938 (Tex. App.— Eastland 1992, no pet.). In *Hill*, the defendant made future threats to a police officer while handcuffed inside the squad car and while inside a jail cell. *Id.* Because the defendant made threats of future events and because the defendant was restrained at the time he made the threats, this court found that the defendant did not threaten the police officer with "imminent bodily injury." *Id.*

Here, Appellant threatened Lara by stabbing toward the window of the vehicle. The threat of bodily harm was a present threat; Lara was afraid that Appellant could have made contact with Lara or her family at the time he stabbed toward the window. Further, Appellant was not restrained at the time that he made the threat. We find that, from this evidence, a rational trier of fact could have found

5

beyond a reasonable doubt that Appellant's act of stabbing toward the vehicle's window while Lara and her family occupied the vehicle posed a present or imminent threat of bodily harm to Lara.

Appellant also takes the position that there was insufficient evidence to show that he used the knife as a deadly weapon. "A knife is not a deadly weapon per se." *Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983). The Texas Penal Code defines a deadly weapon, in relevant part, as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." PENAL § 1.07(a)(17)(B). We consider the following factors to determine whether a knife is being used as a deadly weapon: "size, shape and sharpness, the manner of its use, or intended use and its capacity to produce death or serious bodily injury." *Blain*, 647 S.W.2d at 294. The jury may consider all the circumstances and facts of the case to determine whether the weapon used was a deadly weapon. *Id.*

The court admitted the knife as evidence, and the jury was able to examine the size, shape, and sharpness. Lara's and Lopez's testimony shows that Appellant used the knife to stab toward the window of their vehicle. In examining the evidence in the light most favorable to the verdict, we find that a rational juror could have found beyond a reasonable doubt that the manner in which Appellant used the knife showed that he used the knife as a deadly weapon.

We have reviewed each of Appellant's challenges to the sufficiency of the evidence and have found that each is without merit. Although Appellant's testimony contradicted Lara's and Lopez's testimony, the jury was free to judge the credibility of the witnesses and disregard evidence that they believed was not credible. *See, e.g.*, *Smith v. State*, No. 11-12-00067-CR, 2014 WL 1117026, at *5 (Tex. App.—Eastland Mar. 20, 2014, pet. ref'd) (mem. op., not designated for publication) ("Although defense witnesses testified that Appellant dropped the knife as soon as he removed it from the door and that he never swiped the knife at any officers, the

jury was free to disbelieve their testimony and to give weight to the testimony of Sergeants Haak and Robinson."). The evidence shows that, while Appellant held a knife in his hand, he went up to the vehicle in which Lara and her family had sought refuge; stabbed toward the window for an extended period of time; left the vehicle; and, while still wielding a knife, began to chase a young boy. We hold that a rational juror could have found beyond a reasonable doubt that Appellant committed the offense of aggravated assault with a deadly weapon. *See Jackson*, 443 U.S. at 319; *Isassi*, 330 S.W.3d at 638. We overrule Appellant's first and second issues.

In Appellant's third issue, he argues that the State made improper jury arguments when the prosecutor answered two questions that he posed to the jury. First, Appellant complains that the prosecutor made an improper jury argument when he asked whether Appellant used or exhibited a deadly weapon and then stated, "You bet, he did." Second, Appellant complains that the prosecutor made an improper jury argument when he asked if Appellant threatened Lara and then stated, "You bet he did," and shortly after, as an answer to the same question, stated, "The answer to that is clearly yes."

Generally, to preserve error for an improper jury argument, a defendant should (1) contemporaneously object to the statement, (2) request an instruction that the jury disregard the statement if the objection is sustained, and (3) move for a mistrial if the request for an instruction is granted. *Cooks v. State*, 844 S.W.2d 697, 727–28 (Tex. Crim. App. 1992). Thus, Appellant was required to object and proceed to an adverse ruling to preserve this issue for review on appeal. *Id.*; *see also Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (holding that the right to be free from incurable jury arguments may be waived by "a failure to insist upon it"). Appellant did not object to the allegedly improper remarks. Because Appellant did not object to the arguments that he claims were improper, he has not preserved his

third issue for appellate review.  *See* TEX. R. APP. P. 33.1(a); *Cockrell*, 933 S.W.2d at 89; *Cooks*, 844 S.W.2d at 727–28.  We overrule Appellant's third issue.

We affirm the judgment of the trial court.

JIM R. WRIGHT

CHIEF JUSTICE

April 14, 2016

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.